SMITH & CONLIN V. THE FARMERS' TRUST COMPANY, Appellant.

**Principal and Agent:** CONTRACTS. Where a contract provides that excavations shall be made under the direction of a named architect, a departure from plans accompanying the contract, directed by the architect, will not authorize a deduction from the contract price, though the owner was ignorant of such departure.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

FRIDAY, JANUARY 31, 1896.

ACTION at law to recover an amount alleged to be due for an excavation made for the defendant. There was a trial by jury, and a verdict and judgment for the plaintiffs. The defendant appeals.—*Affirmed.*

*Lohr, Gardiner & Lohr* for appellant.

*Marsh & Henderson* for appellees.

ROBINSON, J.—On the seventeenth day of June, 1893, J. W. Smith, one of the members of the plaintiff firm, entered into an agreement, in writing, in which he undertook to remove dirt from ground designated,

"under the instructions from J. W. Martin, architect, removing the dirt and leaving the ground ready for putting in the walls of the building to be erected on said ground, also excavating for the location of boiler and engine," for the sum of thirty cents per cubic yard. Under this contract, one thousand, three hundred and thirty-five cubic yards of earth were excavated. The plaintiffs claim that the contract was entered into by Smith for their benefit, and that they performed the work, and are entitled to recover the amount of the contract price remaining, after allowing certain credits due the defendant. The defendant admits that work was done to the amount claimed, but avers that Smith, when he entered upon the performance of the contract, was furnished a diagram by the architect, which enabled the plaintiffs to determine the quantity of dirt that should be excavated, but that he carelessly and negligently removed one hundred and forty-six cubic yards of dirt more than was required by the diagram, and that the excess should be deducted from the amount which the plaintiffs are entitled to recover. The defendant, by way of counter-claim, states that, in consequence of the excessive part of the excavation, brick and stone work, of the value of one hundred and eighty-three dollars and sixty-two cents, in addition to the regular contract price of the building, for which the excavation was made, became necessary, and that it was provided and paid for by the defendant. Credit for the amount so paid, in the sum stated, is asked. The verdict and judgment, for the plaintiffs, was for the amount of their claim.

I. The defendant asked the court to instruct the jury as follows: "It is immaterial whether J. W. Martin, the architect in charge, accepted as satisfactory the work done by the plaintiffs, under the contract in controversy, if you find from the evidence that the

work was carelessly and negligently done, and not according to the contract, and if you further find that said acceptance was made by the architect in ignorance, on the part of the defendant, that the work was not done according to the contract." The instruction asked was refused, and of that ruling the defendant complains. The instruction was erroneous in virtually stating that the acts of the architect performed in the line of his duty were not binding upon the defendant. The plaintiffs were required to do the work under the instructions of Martin, and were required to do what he demanded. If they did what he instructed, and he approved what was done, the contract was performed on their part, and the defendant will not be heard to complain. So far as the plaintiffs were concerned, it was immaterial whether the architect required the excavation to be made according to the plans prepared for the building or not. Therefore, ignorance on the part of the defendant that, the architect had sanctioned a departure from the plans, would not release it from liability. We conclude that the instruction was properly refused.

II.    On the trial of the cause, a diagram known in the record as "Exhibit 1", was offered in evidence by the defendant. We understand that the diagram was of the required excavation, and that it showed the depth to which it should have been carried in various places. The defendant claimed that the diagram was furnished to the plaintiffs for their use in doing the work, and that by reason of carelessness they wrongfully failed to comply with the diagram, and made the excavation too deep in places, to the injury of defendant, as stated. The plaintiffs deny that they were furnished the diagram as stated, and claim that they were required to work according to a sketch of the excavation, which was not sufficiently specific to show to what depth the earth should be removed. There

was evidence which tended to support each of these conflicting claims. The court, upon its own motion submitted to the jury several special interrogatories In response to the first, the jury found that Exhibit 1 was not furnished to the plaintiffs. In response to the third, it found that the plaintiff's did not remove more dirt than was called for by that exhibit. In response to the fourth, it found that the plaintiffs had knowledge as to the different depths to which they were required to dig from the sidewalk grade through-out the excavation, but had no means of knowing the sidewalk grade. In response to the fifth special inter-rogatory, the jury found that the number of cubic yards of dirt the plaintiffs were required by the con-tract to excavate, was one thousand, three hundred and thirty-five; and in response to the sixth, it found that no extra brick or stone work was required in the foundation, on account of the removal of too much dirt. The appellant contends that some of these find-ings are contrary to the evidence, and that some are in irreconcilable conflict with each other. There was much evidence tending to show that Exhibit 1 was not furnished to the plaintiffs, and that the sketch which they had referred to the grade of the sidewalk as a guide, but did not fix that grade. These findings must be regarded as fully supported by the evidence. The facts in regard to the third special finding are not so clear. It refers to Exhibit 1 only, while a civil engineer testified that in making an estimate of the excavation required, he used that exhibit and another, marked "Exhibit 2," and from them ascertained that the number of cubic yards required to be taken out, was but one thousand, one hundred and eighty-nine. Neither of these exhibits is before us, but if it be con-ceded that Exhibit 1, furnished sufficient information to warrant the conclusion of the engineer, and that the special finding was erroneous, it does not follow

that the judgment should be set aside.    As we have seen, the plaintiffs were required to do the work under the instructions of the architect, and not in accordance with Exhibit 1.    It was, therefore, wholly immaterial whether more dirt was removed than that diagram required, if the architect did not instruct the plaintiffs to follow it.    The fact to which the special interrogatory was directed was not controlling, and prejudice could not have resulted from the error, if any, in the view the jury took of the evidence with regard to it.    It is insisted that the fifth special finding is erroneous.    Whether it is so, depends upon the contract referred to in the interrogatory, and that must have been the one into which Smith entered.    The plaintiffs were not interested in any other contract; and if they excavated the number of cubic yards of earth which the architect required, and no more, the fifth special finding is correct, and the same is true of the sixth.    For, if the plaintiffs removed no more earth than was required by the architect, they did not remove too much, and extra brick and stone could not have been required by any fault on their part.    This view of the fifth and sixth special interrogatories is authorized by the record, and is the one which the jury appears to have taken.    If this be true, and we must presume that it was, its answers were authorized by the evidence.

III.    We do not find any ground for concluding that the special findings and verdict of the jury were the result of passion or prejudice, as suggested by the appellant.    There was much and irreconcilable conflict in the evidence on most of the material issues in the case, and we think the conclusions of the jury, with respect to all important issues, were fully warranted.    There was considerable evidence tending to show that the bottom of the excavation was too low in places, and that in one part it had been partially

filled with loose dirt. But the work was done under the personal supervision of the architect, and there was evidence to the effect that he directed and approved it. In most respects, the variations between the bottom of the excavation, and the desired levels, were inconsiderable, and some of the evidence tended to show that the ground had been in part filled in, or made by deposits of loose earth, or rubbish of various kinds, and that the plaintiffs were not responsible for the condition of the places where such deposits were found. After a careful reading of the entire record, we conclude that there is no sufficient reason for disturbing the judgment of the district court, and it is AFFIRMED.